UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLANCA FELIX, <br>                 Plaintiff(s), <br> vs. <br> CSAA GENERAL INSURANCE COMPANY, <br>                 Defendant(s). | Case No. 2:15-cv-02498-APG-NJK <br><br> ORDER <br><br> (Docket No. 16) |

      Pending before the Court is Defendant's motion to strike Plaintiff's expert, filed on an emergency basis. Docket No. 16.

      "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a).[1] Second, the emergency motion must be accompanied by a declaration providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *See* Local Rule 7-4(a). This declaration must include a detailed description of the nature of the emergency. *See* Local Rule 7-4(a)(1). The declaration must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See* Local Rule 7-4(a)(2). The declaration must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-4(a)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id*. Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the declaration must include a detailed explanation of why it was not practicable to provide that notice. *See id.*

If these technical requirements are not met, the emergency motion may be denied. Local Rule 7-4(b). If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice,

---

[1] Concurrently with the filing of an emergency motion, or promptly thereafter, the movant must also inform the courtroom administrators of the assigned judges that the motion was filed. Local Rule 7-4(d).

2

sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

The pending motion has failed to comply with several of the requirements outlined above. Most significantly, the motion fails to provide a detailed explanation as to the nature of the emergency. Instead, it appears the sole statement in support of the filing of the pending motion on an emergency basis is the bare statement that "the discovery cut-off date is fast approaching, necessitating this Motion be heard on an emergency basis." Docket No. 16 at 4; *see also* Docket No. 16-1 at ¶ 8 (making substantially similar statement in affidavit). Such an explanation is plainly insufficient, especially given that the particular relief being sought is that the Plaintiff "should not be allowed to use the untimely disclosed expert witness's report or testimony *at trial*." Docket No. 16 at 12 (emphasis added). Having failed to adequately explain why the pending motion must be decided on an expedited basis, the Court declines to do so. Accordingly, this motion shall be briefed according to the default briefing schedule provided by the local rules, and the motion will be resolved by the Court in the ordinary course.

IT IS SO ORDERED.

DATED: July 13, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge