UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLANCA FELIX, | Case No. 2:15-cv-02498-APG-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| CSAA GENERAL INSURANCE COMPANY, | (Docket No. 16) |
| Defendant(s). | |

    Pending before the Court is Defendant's motion for sanctions. Docket No. 16. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 18, 19. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Defendant's motion for sanctions is **GRANTED** in part and **DENIED** in part.

I.     **BACKGROUND**

    This is an insurance dispute removed from state court. In general terms, Plaintiff alleges that Defendant failed to honor her uninsured/underinsured insurance policy following a car accident involving a third-party driver. Docket No. 1 at 11-13. Plaintiff brings causes of action for breach of contract, bad faith and unfair claims practices, and breach of the covenant of good faith and fair dealing. *Id.* at 13-16.

    On February 3, 2016, the Court entered a scheduling order based on the parties' proposed discovery plan. Docket No. 11. Through stipulation of the parties, on April 20, 2016, the Court

extended some of the deadlines in the scheduling order. Docket No. 15. Pertinent to the pending motion, the extended deadlines included the following:

- • Expert disclosures: June 2, 2016
- • Rebuttal experts: July 2, 2016
- • Discovery cutoff: August 1, 2016

*Id.* at 5.

On June 2, 2016, Defendant served the expert report of Howard Passin. Docket No. 18 at 35-54. Mr. Passin opined on whether Defendant engaged in bad faith or unfair claims practices. *See id.* at 47-54. Plaintiff did not designate an expert at that time. *See* Docket No. 16-1 at 3. On June 29, 2016, Plaintiff designated Jeffrey Thomas as an expert witness and served his report. *See* Docket No. 18 at 22-33. Mr. Thomas opined on whether Defendant engaged in bad faith or unfair claims practices. *See id.* Plaintiff identified Mr. Thomas as a rebuttal expert. *Id.* at 12. Through the pending motion, the parties dispute Mr. Thomas' moniker as a "rebuttal" expert and the consequences that should flow from a decision on that issue.

**II.     STANDARDS**

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). The party must also provide a written report of the expert. Fed. R. Civ. P. 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(D).

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine the appropriate consequences. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Courts have outlined several factors in determining whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See, e.g.*, *David v. Caterpillar, Inc.*, 324

F.3d 851, 857 (7th Cir. 2003); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. Apr. 13, 2010) (unpublished decision). It is well-settled that "[h]armlessness may be established if [an expert] disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pacific Indem. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. 2016) (Gordon, J.) (collecting cases).

Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to impose an exclusion sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Courts have wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, courts look to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

### III. ANALYSIS

#### A. Timeliness of Plaintiff's Disclosure

The parties initially dispute whether Plaintiff's designation of Mr. Thomas was timely. As noted above, Plaintiff's disclosure came after the initial expert disclosure deadline but before the rebuttal expert disclosure deadline. Plaintiff argues that Mr. Thomas is a rebuttal expert, such that his disclosure was timely. *E.g*, Docket No. 18 at 5-7. In particular, Plaintiff argues that Mr. Thomas' expert opinion rebuts the expert opinion of Mr. Passin. *See id.* at 5. Defendant argues that Mr. Thomas is an initial expert disguised as a rebuttal expert, such that his disclosure was not timely. *E.g.*, Docket No. 16 at 9-11. Defendant has the better argument.

Rebuttal expert testimony is restricted to subjects that are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Magistrate Judge Lawrence R. Leavitt succinctly stated the standards for determining whether an expert report qualifies as a rebuttal report:

> Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports." *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.,* 2010 WL 389444

(N.D.Ill. Sep. 30, 2010) (quoting *ABB Air Preheater, Inc. v. Regenerative Environmental Equip., Inc.,* 167 F.R.D. 668, 669 (D.N.J.1996)). Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. *Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D.Haw. 2008). They are not, however, the proper place for presenting new arguments. *1–800 Contacts, Inc. v. Lens. com, Inc.,* 755 F.Supp.2d 1151, 1167 (D.Utah 2010); *see LaFlamme v. Safeway, Inc.,* 2010 WL 3522378 (D.Nev. Sep. 2, 2010); *cf. Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 749, 759 (8th Cir.2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.") (citation omitted). "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one' " *Amos v. Makita U.S.A.,* 2011 WL 43092 at *2 (D. Nev Jan. 6, 2011) (quoting *In re Apex Oil Co.,* 958 F.2d 243, 245 (8th Cir .1992)); *see also Morgan v. Commercial Union Assur. Cos.,* 606 F.2d 554, 556 (5th Cir.1979); *LaFlamme,* 2010 WL 3522378 at *3. Rather, rebuttal expert testimony "is limited to 'new unforeseen facts brought out in the other side's case.' " *In re President's Casinos, Inc.,* 2007 WL 7232932 at * 2 (E.D.Mo. May 16, 2007) (quoting *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 685 (5th Cir.1991)).

*R&O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011); *see also Campell v. Garcia*, 2015 WL 995244, at *2 (D. Nev. Mar. 6, 2015) (same); *Nunez v. Harper*, 2014 WL 979933, at *1 (D. Nev. Mar. 12, 2014) (same).

Mr. Thomas' expert report does not qualify as a rebuttal report. Mr. Thomas opined on whether Defendant breached its duty of good faith and whether it violated the Nevada Unfair Claims Practices Act. *See, e.g.*, Docket No. 18 at 23. These are issues central to Plaintiff's claims, *see, e.g.*, Docket No. 1 at 15 (complaint alleging that Defendant breached the covenant of good faith and fair dealing by violating the Unfair Claims Practices Act), and the report of Defendant's expert on these issues was clearly foreseeable. Given the centrality of these issues to this case, Plaintiff's contention that Mr. Thomas provided a rebuttal report is not persuasive. *See, e.g.*, *Downs v. River City Group, LLC*, 2014 WL 814303, at *5 (D. Nev. Feb. 28, 2014). Moreover and significantly, Mr. Thomas' report does not even assert that he reviewed the opinion of Mr. Passin in preparing his own report. *See* Docket No. 18 at 30-31 (listing information reviewed). "Courts have repeatedly held that an expert is improperly designated as a rebuttal expert when he has failed to review the initial expert report, or otherwise failed to indicate that he was aware of the opinions offered by the initial expert." *See, e.g.*, *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015) (internal quotations and alterations omitted) (citing *Houle v. Jubilee Fisheries, Inc.*, 2006 WL 27204, at *3 & n.4 (W.D. Wash. Jan. 5, 2006) and *Amos*, 2011 WL 43092, at *1). Quite simply, "an expert cannot be said to 'rebut' testimony he or she has never seen or reviewed." *Clear-View Technologies*, 2015 WL 3509384, at *4.

Mr. Thomas' report is not a rebuttal report and, therefore, Plaintiff's disclosure was untimely under the Court's scheduling order.

B.     Appropriate Sanction

Having determined that the disclosure of Mr. Thomas' expert report was untimely, the Court turns to whether Plaintiff has established substantial justification or harmlessness. *See* Fed. R. Civ. P. 37(c)(1). As noted above, it is widely accepted that the untimeliness of an expert report is sufficiently harmless to prevent an exclusion sanction when the opposing party had time to depose the expert and challenge his expert report before the discovery cutoff. *See, e.g.*, *Pacific Indemnity*, 203 F. Supp. 3d at 1097. That is the case here. As Plaintiff notes, Mr. Thomas' report was disclosed before the rebuttal expert report and more than a month before the close of discovery, which provided Defendant sufficient opportunity to depose him and provide its own rebuttal report before the close of discovery. *See* Docket No. 19 at 7. As a result, the Court finds that the untimely disclosure of Mr. Thomas was sufficiently harmless that exclusion is not the appropriate remedy in this case.[1]

Even upon a showing of harmlessness sufficient to rule out an exclusion sanction, courts are empowered to remedy lingering prejudice by imposing less severe sanctions. *See, e.g.*, *Pacific Indemnity*, 203 F. Supp. 3d at 1098. For example, courts may award appropriate attorneys' fees caused by the failure. Fed. R. Civ. P. 37(c)(1)(A). The untimely disclosure in this case resulted in prejudice to Defendant in that it expended its resources to file the instant motion.[2] As a result, the Court will award Defendant the reasonable attorneys' fees incurred in preparing and filing the instant motion and reply. To the extent counsel cannot agree among themselves on the amount of those fees, Defendant shall file a "Motion to Calculate Attorneys' Fees" by April 11, 2017. Any response from Plaintiff shall be filed by April 17, 2017.

---

[1] Because the motion to strike was pending, it does not appear that Defendant actually moved forward with Mr. Thomas' deposition or preparing a rebuttal to his report. Defendant shall have until May 12, 2017, to depose Mr. Thomas and serve a rebuttal expert report, if Defendant deems one necessary.

[2] Defendant seeks to recover its attorneys' fees incurred in the future deposition of Mr. Thomas. *Se* Docket No. 19 at 7. The Court declines to award such fees based on the circumstances of this case. *Cf. Pacific Indemnity*, 203 F. Supp. 3d at 1098.

## IV. CONCLUSION

For the reasons discussed more fully above, Defendant's motion for sanctions is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

DATED: March 28, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge