UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BLANCA FELIX, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CSAA GENERAL INSURANCE COMPANY, a Nevada Corporation; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-02498-APG-NJK<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 25) |

      Blanca Felix claims that CSAA General Insurance Company acted in bad faith when it refused to pay her the policy limit on her underinsured motorist policy. Felix was injured in a car crash, and although she was paid $250,000 by the driver of the other car, she contends that her injuries warranted additional payments from CSAA under Felix's underinsured policy. Felix sues CSAA for breaching its policy, handling her claim in bad faith, and using unfair claims practices under Nevada Revised Statutes section 686A.310.

      CSAA moves for summary judgment on the claims of bad faith and unfair practices, arguing that it had a reasonable basis to deny additional payments to Felix under its policy. Felix responds that she gave CSAA extensive medical documents to support her injuries and an expert report that opines CSAA failed to reasonably handle her claim in several ways.

      Because the reasonableness of CSAA's conduct is subject to debate, I deny its motion for summary judgment. That said, CSAA did not have a fair opportunity to depose Felix's expert and provide a rebuttal report of its own—and that could impact the validity of Felix's claims. I therefore will extend the deadline for dispositive motions so that the parties have the opportunity to file another motion for summary judgment if they wish.

I.     **ANALYSIS**

    **A.  Summary Judgment**

Summary judgment is appropriate when the pleadings, discovery responses, and other offered evidence show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1]  When considering summary judgment, I view all facts and draw all inferences in the light most favorable to the non-moving party.[2]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."[3]  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[4]  She "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[5]

    **B.  A reasonable jury could conclude that CSAA act in bad faith.**

Bad faith is "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the insurance policy."[6]  Where "relevant facts are in dispute or when facts permit differing inferences as to the reasonableness of insurers' conduct," a bad faith claim is generally a question for the jury.[7]

The tortfeasor's insurer paid Felix its entire $250,000 policy limits, but CSAA waited a significant time to tell Felix it would pay her nothing more than the $10,000 required by the

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[2] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[4] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citation omitted).

[5] *Bhan v. NME Hosps. Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[6] *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009) (citation omitted).

[7] *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989).

medical provision of her policy.[8]  Felix provided CSAA with medical documentation showing that she had nearly $200,000 in medical expenses; even a modest award for pain and suffering and lost wages would exceed what Felix had already received.[9]  That is, assuming that Felix's damages were actually caused by the accident, which is the parties' primary dispute.

CSAA argues that it had a reasonable basis for rejecting Felix's claim, primarily because it relied on an independent medical examiner who concluded that she suffered only minimal injuries in the crash and that her other injuries were preexisting.[10]  But Felix's expert evidence calls into question whether CSAA could reasonably rely on this opinion.[11]  First, CSAA waited until two years after the crash to order the examination.[12]  Second, the examiner does not appear to have fully considered Felix's reports of subjective pain.[13]

Third, the independent examiner's opinion that some of Felix's injuries (and her related need for surgery) were pre-existing does not appear well supported.  The examiner may have relied on an MRI it did not initially have, and it is unclear what else the examiner relied on to reach his conclusion.[14]  CSAA's claims handler admitted in a deposition that CSAA had no evidence that Felix had "any prior pain, any prior complaints, [or] any prior difficulties" before the accident, other than the examiner's conclusions.[15]  CSAA thus relied solely on the independent examiner—who himself appears to have relied on little to no evidence—to conclude that Felix either did not need surgery or that the surgery was related to preexisting injuries.

---

[8] ECF No. 20-10 (CSAA claim notes); ECF No. 16-4 at 4-7; ECF No. 1 at 12-13 (discussing Felix's policy).

[9] ECF No. 20-10.

[10] *See* ECF No. 20-15.

[11] *See* ECF No. 16-4.

[12] *Id.* at 4-5.

[13] *Id.* at 5-6.  The evidence submitted to CSAA and its independent examiner all indicated that Felix reported high levels of subjective pain both at the time of the accident and in the years following. *See id.*; *see also Faulkner v. Wausau Bus. Ins. Co.*, 571 F. App'x 566, 568 (9th Cir. 2014) (holding that insurer could be liable for bad faith where it ignored crucial evidence).

[14] *Id.*

[15] ECF No. 20-9 at 9.

What's more, Felix sent CSAA a letter from her surgeon which explained why the independent examiner was mistaken: "it is very clear . . . [Felix] has no previous history of cervical spine pathology that ever necessitated treatment prior to the accident."[16] CSAA's contentions about whether Felix really needed the surgery she underwent, and whether it is related to the crash, are also less persuasive given that CSAA had the opportunity to order the examination prior to her procedure but failed to do so.[17]

Felix's expert explains at length why it was unreasonable for CSAA to rely on the independent examiner to deny Felix's claim.[18] Felix's expert reviewed all of her medical evidence and points out that the independent examiner did not consider all of the evidence he should have, and that the evidence he did consider did not support the conclusions he reached.[19] Taking all of this together, a reasonable jury could conclude that CSAA had no reasonable basis to deny Felix's claim.[20] I thus deny summary judgment as to Felix's bad faith claim.

### C. There are also triable issues as to Felix's unfair practices claim.

Making all inferences in favor of Felix, I must also deny CSAA's motion for summary judgment as to her unfair practices claim. Nevada's Unfair Claims Practices Act makes it "an unfair practice" not to "effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear."[21] Insurers must implement "reasonable

---

[16] ECF No. 16-4 at 6.

[17] *Id.* at 3-4.

[18] *Id.* at 3-8.

[19] *Id.*

[20] CSAA also moves for partial summary judgment on Felix's claim for punitive damages. CSAA primarily relies on its assumption that Felix's bad faith claims fail, which I have rejected. ECF No. 20 at 21. In any event, punitive damages are a remedy, not a claim—and generally should be left to the jury to decide. *See Massi v. Nobis*, 2016 WL 1565201, at *1 (Nev. Apr. 15, 2016) ("[P]unitive damages is not a cause of action, but a remedy, and as a remedy, such damages may still be available on any remaining causes of action."); *Thompson v. Progressive Ins. Co.*, 2013 WL 210597, at *2 (Nev. Jan. 17, 2013); *Faulkner*, 571 F. App'x at 569 ("Determinations related to assessment of punitive damages have traditionally been left to the discretion of the jury." (citation omitted)).

[21] Nev. Rev. Stat. §686A.310.

standards for prompt investigation and processing of claims."[22] The statute requires insurers to "affirm or deny coverage of claims within a reasonable time" and to make reasonable settlement offers so that an insured like Felix is not forced to "institute litigation" to get the money owed.[23]

Felix's evidence creates a reasonable dispute about whether CSAA unreasonably handled her claim. CSAA did little to investigate Felix's claim, save order a single examination which Felix has called into question with extensive expert evidence. Although CSAA provides letters it sent to Felix asking for more documentation, Felix's evidence shows that she responded a number of times. Her evidence also indicates that she sent letters to CSAA complaining of extensive delays in scheduling her examination.[24] For example, Felix sent CSAA a letter complaining that she had repeatedly attempted to schedule the examination with no response from CSAA.[25] This is after CSAA had waited two years after the crash to even demand the examination.[26] Although Felix's evidence is not overwhelming, and a jury may find that CSAA reasonably handled her claim, making all inferences in Felix's favor as I must at this time, I cannot rule on these claims as a matter of law.

I noted that CSAA was handicapped in preparing its motion for summary judgment. CSAA had previously moved to strike Felix's expert, and it appears to have understandably waited to depose this expert until its motion was ruled on.[27] The magistrate judge has extended the discovery deadline to allow the deposition of Felix's expert. Because Felix heavily relies on

---

[22] *Id.*

[23] *Id.*

[24] ECF No. 20-12 at 2. CSAA suggests that Felix was uncooperative throughout the claims handling process, but its evidence shows that Felix frequently replied to its requests. *See* ECF No. 20-8 (record of CSAA correspondences showing the various dates of Felix's communications).

[25] *Id.*

[26] The tortfeasor's insurance tendered its entire $250,000 policy limits within two weeks of receiving Felix's documentation; CSAA took months to deny her claim based on the same evidence. I do not mean to suggest that CSAA *per se* acted unreasonably because another insurer acted differently than it did, but CSAA had this information when handling Felix's claim.

[27] *See* ECF No. 27.

her expert to respond to CSAA's motion, I will extend the dispositive motion deadline until July 1, 2017, in case either party wishes to file another motion for summary judgment once this new discovery is complete.[28]

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendant's motion for partial summary judgment **(ECF No. 20) is DENIED**.

IT IS FURTHER ORDERED that the deadline for the parties to file dispositive motions is extended to July 1, 2017.

DATED this 31st day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[28] Although I deny CSAA's motion for summary judgment, I do so grudgingly. Felix's opposition barely responds to CSAA's arguments. It largely relies on vague statements that her evidence creates a triable issue without any specific explanation of how that is so. For example, from pages 5-9 of her opposition, Felix does little more than recite conclusory standards from sundry cases without even attempting to tie these rules to the facts of her own case. *See* ECF No. 23. She did not attach the expert report that she relies on; I had to find that myself on the docket. She did not explain what deficiencies her expert identified in CSAA's handling of the claim; I had to discover those on my own while reading the report. *See In re Vialet*, 460 Fed. App'x. 30, 35 (2d Cir. 2012) (discussing an attorney who filed deficient briefs and "fail[ed] to address with any degree of specificity" the relevant issues).