**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BLANCA FELIX, | Case No. 2:15-cv-02498-APG-NJK |
| Plaintiff, | |
| v. | **ORDER REJECTING JOINT PRE-TRIAL ORDER** |
| CSAA GENERAL INSURANCE COMPANY, | |
| Defendant. | |

The parties' proposed Joint Pretrial Order (ECF No. 37) does not comply with Local Rules 16-3 and 16-4. For example, in their respective exhibit lists, the parties state that they "have yet to formally stipulate as to foundation for any exhibits at this time, but reserve the right to do so at a later date." ECF No. 37 at 5. Local Rule 16-3(b)(8) requires parties to list their trial exhibits, rather than reserving their right to do so at some other time. And because no exhibits are listed, neither side can object to the other's proposed exhibits, as required by Local Rule 16-3(b)(8)(B).

Further, both parties (particularly the defendant) list what appears to be every witness identified in discovery. *Id.* at 7-13. While the plaintiff's list includes 19 witnesses, the defendant's list includes 41. Despite these voluminous lists, the parties insist that the trial will last only five to seven days. *Id.* at 13. That is nearly impossible. The parties (or at least the defendant) apparently have not bothered to think about the witnesses they actually intend to use at trial.

Both parties' witness lists include several "Person Most Knowledgeable" witnesses. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial.

The defendant has listed several deposition transcripts it intends to use at trial, but it does not designate the portions of those transcripts it will use, as required by Local Rule 16-3(b)(10). This makes it impossible for the plaintiff to object as required by Local Rule 16-3(b)(11).

Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the parties ignored the spirit, purpose, and language of Local Rule 16-3. The proposed order will be rejected. The parties shall submit a new proposed joint order addressing these identified problems and complying with Local Rules 16-3 and 16-4.

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 37) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 by May 14, 2018.

DATED this 1st day of May, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE